# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| CENTURY HLM, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19 CV 2608 DDN |
| | ) | |
| CARDIOQUIP, LP, *et cet.*, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This action is before the Court upon the motion of defendant CardioQuip, LP, for the Court to reconsider its order denying defendant's motion for transfer of venue for *forum non conveniens*. All parties have consented to the exercise of plenary authority in this action by a United States Magistrate Judge under 28 U.S.C. § 636(c).

## BACKGROUND

This action was removed by defendant from the Circuit Court of St. Louis County, Missouri, to this Court. In its removal notice and as asserted in its counterclaims against plaintiff, defendant alleges this Court has subject matter jurisdiction under 28 U.S.C. § 1332, due to the diversity of the parties' citizenship and the amount in controversy. Plaintiff does not dispute defendant's assertions in this regard.

Plaintiff Century HLM, LLC ("Century"), alleges the following facts in its state court petition. Plaintiff is a limited liability company with its principal place of business in St. Louis County, in this federal judicial district. Defendant CardioQuip, LP, is a limited partnership[1] organized under the laws of the State of Texas and has transacted significant business in the State of Missouri.

Plaintiff alleges that on January 3, 2014, plaintiff and defendant entered into a Distribution Agreement, agreeing that plaintiff would be the exclusive worldwide distributor of certain medical equipment and products, with certain exceptions. Accordingly, plaintiff provided

---

[1] Defendant alleges it is a limited liability company organized under the law of Texas. (Doc. 15, ¶ 103.)

defendant with access to proprietary information such as client lists, including contact information.

Plaintiff further alleges that on July 11, 2014, plaintiff and defendant entered into an agreement captioned, "Century Agreement with CardioQuip to Develop the Next Step Century HLM" ("Development Agreement").  Accordingly, defendant would design a new medical device and internal battery backup, in exchange for various described items of compensation.  Defendant was unable or unwilling to perform its obligation.  Thus, the Development Agreement ended in 2016 and plaintiff was forced to find another company to continue designing the device.  On August 29, 2016, plaintiff and defendant agreed to terminate the Distribution Agreement.

Plaintiff alleges claims in the following counts:  (1) tortious interference with a business expectancy; (2) fraud related to the Distribution Agreement; (3) fraud related to the Development Agreement; (4) breach of contract related to the Distribution Agreement; (5) breach of contract related to the Development Agreement; and (6) declaratory judgment that states plaintiff's rights under the Development Agreement.

On September 27, 2019, defendant filed its answer and the following counterclaims:  (1) breach of contract relating to the Distribution Agreement; (2) breach of contract regarding the Development Agreement; and (3) fraud relating to the Development Agreement.

Also on September 27, 2019, defendant filed a motion to transfer this action for *forum non conveniens* to the Southern District of Texas, Houston Division.  On November 19, 2019, after hearing oral arguments, this Court on the record denied the motion to transfer for the reasons set forth on the record.  Defendant filed an objection to this order.  On December 5, 2019, the Court ordered the objection to be considered a motion for reconsideration of the order denying transfer.  Thereafter, defendant filed a memorandum in support of reconsideration and transfer to which plaintiff responded.

## **DISCUSSION**

Venue for this action could be properly in this district and in the Southern District of Texas.  This action could have been brought in that district, because defendant was organized under the law of Texas, its principal place of business is there, it is subject to the Court's personal jurisdiction there, and it alleges generally that "a substantial part of the events or omissions giving rise to the claim occurred" there. (Doc. 15 at ¶ 105).  Plaintiff makes similar allegations,

including generally that defendant "has committed certain torts in St. Louis County, Missouri which are the subject of the Petition." (Doc. 7 at 3.) *See* 28 U.S.C. § 1391(b)(1) and (2) and (c)(2).

After a district court determines there are two proper venues for a case, the court must take the next step in the *forum non conveniens* inquiry by considering factors that include the following: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. 28 U.S.C. § 1404(a). The analysis may also include private and public interest factors, on a case-by-case basis. *See De Melo v. Lederle Labs., Div. of Am. Cyanamid Corp.*, 801 F.2d 1058, 1062 (8th Cir. 1986).

Private factors include: (1) ease of access to relevant sources of proof; (2) availability and compulsory process for attendance of unwilling witnesses; (3) cost of obtaining willing witnesses; (4) possibility of viewing premises if appropriate in the action; and (4) all other practical matters that make trial of a case easy, expeditions, and inexpensive. *See De Milo*, 801 F.2d at 1062. (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)).

Public interest factors include: (1) administrative difficulties flowing from court congestion; (2) local interest in having a local controversy decided at home; (3) interest of having a diversity case in a forum that is at home with the law governing the actions; (4) avoidance of conflict of laws; and (5) unfairness, *i.e.,* burdening citizens with jury duty in a case unrelated to the area. *See De Milo*, 801 F.2d at 1063 (citing *Piper Aircraft Co. v. Reyon*, 454 U.S. 235, 241 (1981)).

Defendant seeks a transfer of the action under 28 U.S.C. § 1404, arguing that this judicial district is not a convenient forum. More specifically it argues that (1) witnesses are located and available in the Southern District of Texas, Houston Division; (2) pertinent documentary evidence is located there; (3) the conduct complained of occurred there; and (4) the substantive law of Texas is applicable to the dispute. (Docs. 13, 14, 37.)

In response, plaintiff argues that venue is most convenient in this Court and that transfer would be convenient only for defendant. (Doc. 18.) Plaintiff claims that most potential witnesses reside outside of Texas, making St. Louis a geographically central location for this case. Plaintiff disputes that all claims are governed by Texas law. Plaintiff argues that great deference should be given to its choice of venue.

## Convenience of the Witnesses

Convenience of witnesses is the most significant factor in considering the propriety of transfer under § 1404(a). *Anheuser–Busch, Inc. v. City Merch.*, 176 F.Supp.2d 951, 959 (E.D.Mo. 2001). Specifically, the location of third-party witnesses is weighed "heavily" when considering a transfer of venue. *Textron Financial Corporation v. Krystal Koach, Inc.*, 2010 WL 2132662 at *4 (E.D.Mo. May 26, 2010); *Saint Louis University v. Medtronic Navigation, Inc.*, 2012 WL 4049018 at *5 (E.D.Mo. Sept. 13, 2003) (ruling that convenience of the parties is not a compelling factor supporting transfer). However, the mere number of witnesses is not dispositive. *Compression Technology Solutions L.L.C., v. EMC Corporation,* 2012 WL 1188576 at *5 (E.D.Mo. Apr. 6, 2012) (transferring case because not one witness was located in the transferor district).

In the instant case, defendant argues that three witnesses related to it reside in Texas and one witness related to it resides in Mesa, Arizona. Plaintiff states that its president, who allegedly negotiated the relevant agreements, its accounting firm, and both of its attorneys reside in St. Louis. Further, defendant argues that Arizona, the location of a key witness, is 300 miles closer to Texas than St. Louis. This distance is not a substantial factor in deciding whether to transfer, given the comparability of time necessary to travel from Mesa to St. Louis by motor vehicle and by air.

Plaintiff states that its non-party witnesses are located in states different from Texas and Missouri: 8 in Minnesota, 1 in Arizona, 1 in Florida, 1 in Iowa, and 1 in South Carolina.

In this case, neither of the forum choices is convenient for most of the third-party witnesses, because they are in Arizona, Iowa, Florida, South Carolina, and the remaining nine are located in Minnesota. While the number and locations of the party witnesses slightly favor defendant, the number and locations of the non-party witnesses substantially favor this district, because St. Louis is more geographically central.

## Location of Evidence

Defendant argues that most of the evidence is in Texas, such as, documentary evidence, engineering facilities, and testing facilities. Plaintiff argues that substantially all of plaintiff's evidence is located in St. Louis. Although Missouri is Century's principal place of business,

plaintiff states its design, manufacturing, and production were done in Mesa, Arizona, and its testing was done in Minnesota. These facts balance evenly. Further, it cannot be gainsaid that technology and ease of transfer of documentary evidence renders evidence location a less important factor.

### Choice of Substantive Law

The parties dispute which jurisdiction's substantive law will apply to the case. The record indicates that there is no one clear location where the relevant conduct allegedly caused injury. Plaintiff states the economic impact of the relevant conduct was felt in St. Louis; defendant argues the parties' relationship was centered in Texas where they entered the development agreement, placed orders, and created invoices. Both parties agree that products were built in Arizona and shipped directly to customers throughout the United States. Accordingly, a significant portion of the conduct occurred in Texas, although the impact was felt in Missouri and in other states. In any event, a determination of the applicable substantive law is not dispositive of the *forum non conveniens* issue and this Court is equally capable of applying the appropriate jurisdiction's substantive law to this case.

### Plaintiff's Right to Choose Forum

Federal courts generally give "considerable deference to a plaintiff's choice of forum." *Terra Int'l,* 119 F.3d at 695; *Biometics, LLC v. New Womyn, Inc.,* 112 F.Supp.2d 869, 875 (E.D.Mo. 2000). "When plaintiff and defendant are in different states there is no choice of forum that will avoid imposing inconvenience; and when the inconvenience of the alternative venues is comparable there is no basis for a change of venue; accordingly, the tie is awarded to the plaintiff." *Trident Steel Corp. v. Oxbow Steel Int'l, LLC,* 2009 WL 3242045 at *4 (E.D.Mo. Oct. 5, 2009) (quoting *In re Nat'l Presto Indus., Inc.,* 347 F.3d 662, 665 (7th Cir. 2003)). "[U]nless that balance is strongly in favor of the moving party, the plaintiff's choice of forum should not be disturbed." *Fluid Control Products, Inc., v. Aeromotive, Inc.,* 2011 WL 620115 at *1 (E.D.Mo. Feb. 11, 2011) (quoting *Viasystems Techs. Corp., LLC v. Forest City Commercial Dev.,* 2008 WL 2064971 at *3 (E.D.Mo. 2008)).

In this case, the balance of relevant factors does not clearly and strongly favor the moving party.

## ORDER

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for reconsideration of the order denying motion to transfer venue for convenience (Docs. 35, 36) **is denied** and the case will proceed in the United States District Court for the Eastern District of Missouri.

                                                  **/s/  David D. Noce**
                                           **UNITED STATES MAGISTRATE JUDGE**

Signed on February 12, 2020.