UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CENTURY HLM, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19 CV 2608 DDN |
| | ) |
| CARDIOQUIP, LP, *etc.,* | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This action is before the Court upon the document captioned, "Defendant's Objection to Magistrate Judge Orders Converting Objection to Motion for Reconsideration and Denying Motion to Transfer Venue," filed by defendant Cardioquip, LP, on February 21, 2020 (Docs. 40, 41). In these documents, defendant objects to the Court's orders denying its motion for transfer of venue pursuant to 28 U.S.C. § 1404(a), converting its objection to that order into a motion for reconsideration, and not submitting its objections[1] to a district judge of this Court for *de novo* review. (Doc. 41 at 11.) Defendant presents three issues: (1) whether its objections to the rulings of the undersigned must be submitted to a district judge of this court for *de novo* review; (2) whether the undersigned erred in converting defendant's objections into a motion for reconsideration; and (3) whether the denial of transfer of the case was erroneous.

---

[1] Defendant filed its motion to transfer the action under § 1404(a) to the United States District Court for the Southern District of Texas on September 27, 2019. (Docs. 13, 14.) A hearing was held on that motion on November 19, 2019, after all parties in the case had filed their consents under 28 U.S.C. § 636(c). (Doc. 30.) On the record of that hearing, after the parties made their presentations, the undersigned orally denied the motion for transfer. (Doc. 31.) On December 3, 2019, defendant filed its Objection to the oral order denying its motion to transfer venue and stated its request for review of the matter by a district judge. (Docs. 34, 35.) By order issued on December 5, 2019, because 28 U.S.C. § 636(c) did not provide for defendant seeking relief from the order from a district judge of this court, the undersigned ordered that the objection be considered a motion for reconsideration of the motion for transfer and gave the parties time to file memoranda in support of the motion and in opposition thereto. (Doc. 36.) The parties did so and on February 12, 2020, the undersigned issued a Memorandum and Order denying the motion to transfer. (Doc. 39.) On February 21, 2020, defendant filed its second Objection, now including the February 12, 2020 Memorandum and Order. (Docs. 40, 41.)

## **Procedure available to defendant for review of orders denying transfer**

It cannot be gainsaid that, when defendant removed this action from the Missouri Circuit Court to this United States District Court, it was entitled to have this action presided over by a United States district judge under Article III of the Constitution. U.S. Const. art. III, § 2 ("The judicial power [of the United States] shall extend to all cases, in law and equity . . . ."); *Northern Pipeline Const. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 57-64 (1982). However, plaintiff and defendant waived that constitutional right. Further, the procedures legislated into law do not provide for the *de novo* review by a district judge of this court that defendant seeks, under 28 U.S.C. § 636(c).

In 1979, Congress legislated that full-time magistrate judges of the respective District Courts, who are so designated by their District Courts, such as the undersigned, are authorized to exercise plenary authority in any civil action, if all of the parties in that judicial action waive their right to have the action presided over by a district judge. 28 U.S.C. § 636(c). Recently, the Supreme Court stated:

> The Federal Magistrate Act provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court." 28 U.S.C. § 636(c)(1). Unlike nonconsensual referrals of pretrial but case-dispositive matters under § 636(b)(1), which leave the district court free to do as it sees fit with the magistrate judge's recommendations, a § 636(c)(1) referral gives the magistrate judge full authority over dispositive motions, conduct of trial, and entry of final judgment, *all without district court review*. A judgment entered by "a magistrate judge designated to exercise civil jurisdiction under [§ 636(c)(1)]" is to be treated as a final judgment of the district court, appealable "in the same manner as an appeal from any other judgment of a district court." § 636(c)(3).

*Roell v. Withrow*, 123 S. Ct. 1696, 1700-01 (2003) (emphasis added).

Under the Local Rules of this District Court, each civil action is assigned by the Clerk to either a district judge or a magistrate judge by an automated random selection procedure. *See* E. D. Mo. L. R. 2.08(A). Upon its removal to this Court, this action was assigned to the undersigned magistrate judge. In civil actions assigned to magistrate judges the Clerk of Court notifies the parties as follows: "Pursuant to Local Rule 2.08, the assigned/referred magistrate judge is designated and authorized by the court to exercise full authority in this assigned/referred action or matter under 28 U.S.C. Sec. 636 and 18 U.S.C. Sec. 3401, including any case

budgeting matters." This notification was made in this case on September 23, 2019. (Doc. 11.) Further, the Court's Local Rules require in each civil action assigned to a magistrate judge that each party elect whether the action is to be presided over by a district judge or a magistrate judge. L. R. 2.08(A). [2]

On September 23, 2019, shortly after defendant filed its Notice of Removal and related documents, the Clerk of Court issued the following notification: "Case Opening Notification: All parties must file the Notice Regarding Magistrate Judge Jurisdiction Form consenting to or opting out of the Magistrate Judge jurisdiction." On September 26, 2019, plaintiff filed its documentary consent to the jurisdiction of a United States Magistrate Judge under 28 U.S.C. § 636(c). *See* Doc. 22. On October 17, 2019, defendant filed its documentary consent to the same effect. *Id.* Also, on October 17, 2019, the parties were notified that full consent to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c) had been received in the case. *Id.*

The relief defendant seeks is review by a district judge of this Court of its objections to the orders denying its motion for transfer of this action to another District Court. As stated in the Order issued by the undersigned on December 5, 2019 (Doc. 36), such a review is not available in proceedings under 28 U.S.C. § 636(c), as it would be under § 636(b). *See* 28 U.S.C. § 636(c)(3) (providing instead for an appeal to the respective federal court of appeals); *see also Thomas v. Banks*, 584 Fed. Appx. 291, 291-92 (8th Cir. 2014) ("The magistrate judge properly entered final judgment under 28 U.S.C. § 636(c) without first offering Thomas an opportunity to object," citing *Roell v. Withrow, supra*); *see also* F. R. Civ. P. 73; Fed. R. App. P. 3 ("An appeal from a judgment by a magistrate judge in a civil case is taken in the same way as an appeal from any other district court judgment.").

The authorities defendant invokes for entitlement to review of magistrate judge orders in this Court by a district judge are not apposite. *Thomas v. Arn*, 474 U.S. 140 (1985), involved the referral of a habeas corpus action to a magistrate under § 636(b). 474 U.S. at 141 n. 1. *Federal Deposit Ins. Corp. v. Krause*, 904 F.2d 463 (8th Cir. 1990), and the other cases cited by defendant, involved the consensual exercise of plenary authority by a magistrate judge at a time when the Federal Magistrate Act, 28 U.S.C. § 636(c)(4), expressly provided for direct appeal from a magistrate's judgment to *either* the court of appeals by permission of the court of appeals

---

[2] If not all parties in a civil action elect to have the case presided over by a magistrate judge, the Clerk reassigns the case to a district judge by the automated random selection process.

*or* consensually to a district judge of the magistrate's district court. *See* Federal Magistrate Act of 1979, Pub. L. 96-82 (eff. Oct. 10, 1979). The possibility of appealing from the decision of a magistrate judge to a district judge of the magistrate judge's district court ended in 1996 with the passage of the Federal Courts Improvement Act of 1996, P.L. 104-317 (eff. Oct. 19, 1996) (striking out "and for the taking and hearing of appeals to the district courts").

Now, any appeal from the judgment entered by a magistrate judge of this Court under § 636(c) must be to the United States Court of Appeals for the Eighth Circuit.[3]

### Order converting defendant's first Objection into motion for reconsideration

Defendant argues the undersigned was without authority to convert its first Objection into a motion for reconsideration of the first order denying transfer. The undersigned did so *ex gratia* because a motion for reconsideration is not expressly provided for in the federal civil rules. *Sanders v. Clemco Inds.*, 862 F.2d 161, 168 (8th 1988). Whether or not this procedure was authorized by the inherent authority of the court, *cf. Dietz v. Bouldin*, 136 S. Ct. 1885, 1891-93 (2016), it gave defendant another opportunity to seek transfer.

### Merits of defendant's entitlement to transfer

Defendant having had two substantial opportunities to present the merits of transfer of the action, and the Court having considered the merits of defendant's motion to transfer twice, the Court will not reconsider its orders denying transfer on the current record.

Accordingly,

**IT IS HEREBY ORDERED** that the Objection of defendant to the Court's order denying defendant's motion for transfer of the action (Doc. 40) **is denied**.

The Court having issued its Case Management Order for further proceedings in this case (Doc. 32),

---

[3] The right of defendant to appeal to the court of appeals is a characteristic of section 636(c) that keeps it "within the bounds set by Article III of the Constitution." *Lehman Bros. Kuhn Loeb, Inc. v. Clark Oil & Refining Corp.* 739 F.2d 1313, 1316 (8th Cir. 1984) (affirming the grant of summary judgment by a magistrate judge of this Court under § 636(c)).

**IT IS FURTHER ORDERED** that a hearing on the status of pretrial discovery in this case is set for **Thursday, April 16, 2020, at 1:00 p.m. All counsel must personally attend this hearing.**

                                                                /s/   David D. Noce
                                          **UNITED STATES MAGISTRATE JUDGE**

Signed on March 4, 2020.